## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**PAULA GARNER**                                                       **PLAINTIFF**

                 v.                  Civil No. 05-5057

**TARGET NATIONAL BANK**                              **DEFENDANT**

## O R D E R

    Now on this 9th day of November, 2005, come on for consideration defendant's **Motion For Protective Order** (document #8) and plaintiff's **Motion To Compel** (document #10 and #14), and from said motions, and the responses thereto, the Court finds and orders as follows:

    1. Plaintiff brings this claim under the Fair Credit Reporting Act ("FCRA"), with pendant state claims for defamation and intentional infliction of emotional distress. She alleges that she returned to the seller an item she had charged to her Target National Bank Visa account, and when the charge for the item appeared on her Target Visa, she disputed it. She claims that in connection with this dispute, her credit history was incorrectly reported and she was harassed by defendant's employees in their attempt to collect the charge. She seeks injunctive, declaratory, compensatory, and punitive relief.

    The matter is set for trial on January 9, 2006, and discovery was scheduled to conclude on November 7, 2005. The pending motions have to do with discovery disputes.

    2. Defendant's Motion For Protective Order seeks two types

of protection:

- an order that the deposition of its corporate representative be taken, not in Springdale, Arkansas, as requested by plaintiff, but "only in Minneapolis, Minnesota, or another agreed upon place"; and
- an order preventing plaintiff from discovering its general policies and procedures relating to customer disputes, how it trains its employees with regard to customer disputes, and information about customers other than plaintiff (identified as "topics 7-9 and 13-17 of the Notice To Take 30(b)(6) Deposition Duces Tecum).

3. Plaintiff, for her part, seeks to compel responses to interrogatories and requests for production of documents, as follows:

- information about defendant's witnesses and evidentiary documents (Interrogatories 3-5);
- information about the investigative activity of defendant's employees who undertook to investigate plaintiff's disputed charge (Interrogatories 6, 8, 9);
- the identity of those to whom certain credit reports about plaintiff were made (Interrogatories 10, 11);
- information about defendant's general policies and procedures relating to consumer disputes, training information, and information about customers other than

plaintiff (Interrogatories 13-16 and 19-25);

* defendant's phone records reflecting calls made to plaintiff (Request for Production 13); and

* information relating to defendant's net worth, which would be relevant in the event a punitive damage claim were to be submitted to the jury (Requests for Production 14, 15).

4. The applicable rules of procedure and evidence establish a broad scope for discovery. **F.R.C.P. 26(b)** provides, in relevant part, that [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Under **F.R.E. 401**, information is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

5. Plaintiff alleges in her Complaint that defendant willfully, as well as negligently, failed to comply with **15 U.S.C. §1681s-2(b),** which addresses the responsibilities of those who furnish information to consumer credit reporting agencies. That statute provides, in relevant part, that after receiving notice of a dispute about the completeness or accuracy of information provided to a consumer credit reporting agency, a furnisher of

information must:

    (a)   conduct an investigation;

    (b)   review all relevant information provided by the customer;

    (c)   report the results of the investigation to the consumer reporting agency;

    (d)   if the investigation reveals that incomplete or inaccurate information has been provided, report this to all other consumer reporting agencies to which information was furnished (if those agencies compile and maintain files on consumers on a nationwide basis); and

    (e)   if the disputed information is inaccurate or incomplete or cannot be verified, modify, delete or block future reporting of the disputed information.

    6.   In support of its Motion For Protective Order, defendant contends that only its investigation of plaintiff's particular dispute -- not its policies and procedures relating to customer disputes in general -- is relevant to the case at bar. As defendant points out, there is no allegation in the Complaint that defendant failed to comply with its own internal policies and procedures, only that it failed to comply with the requirements of the statute, i.e., failed to investigate and correct what plaintiff contends is erroneous information.

Defendant also argues that the Court should deny plaintiff discovery on the contested information as a matter of public

policy, because the policies and procedures "relat[e] to identity theft and fraud" and would "become less effective as more people learn about them and can therefore devise methods of defeating them."

Plaintiff counters that she has alleged willful misconduct, and that whether defendant followed its own internal policies and procedures is relevant to the issue of willfulness. She also disputes that issues of identity theft and fraud are involved, and contends that defendant's public policy concerns can be alleviated by redaction or protective order.

The Court believes that the content of defendant's policies and procedures with regard to the investigation of disputed charges is "reasonably calculated to lead to the discovery of admissible evidence," given the allegations of the Complaint. If it can be shown that defendant failed to follow its own policies and procedures in the investigation it carried out with regard to plaintiff's disputed charge, that fact would certainly bear on the issue of willfulness. The Court also is not persuaded that production of this information will undermine defendant's ability to detect and prevent identity theft or credit card fraud. The Motion For Protective Order will therefore be denied.

7. With regard to plaintiff's Motion To Compel, the Court finds the following items to be discoverable, and will direct that the information be provided to plaintiff forthwith:

- * information about defendant's witnesses and evidentiary documents (Interrogatories 3-5);
- * information about the investigative activity of defendant's employees who undertook to investigate plaintiff's disputed charge (Interrogatories 6, 8, 9);
- * the identity of those to whom certain credit reports about plaintiff were made (Interrogatories 10, 11);
- * information about defendant's general policies and procedures relating to consumer disputes, training information, and information about customers other than plaintiff (Interrogatories 13-16 and 19-25); and
- * defendant's phone records reflecting calls made to plaintiff (Request for Production 13)(which may be redacted to show only information relevant to plaintiff's claim).

With regard to the request for information relating to defendant's net worth, which would be relevant in the event a punitive damage claim were to be submitted to the jury (Requests for Production 14, 15), the Court agrees with the reasoning in **Curtis v. Partain**, 272 Ark. 400, 614 S.W.2d 671 (1981), *overruled on other grounds*, **Lupo v. Lineberger**, 313 Ark. 315, 855 S.W.2d 293 **(1993),** that a claim for punitive damages is a serious matter, and such information should not be made available unless clearly relevant. To the extent that the Motion To Compel seeks that

information, it will be denied.

8. With regard to the location of defendant's 30(b)(6) witness, the parties rely on **Thompson v. Sun Oil Co., 523 F.2d 647 (8th Cir. 1975),** holding that "a district court has great discretion in designating the location of taking a deposition." Neither party has offered particularly cogent arguments for her, or its, preferred location. The Court reasons, however, that if the deposition is to be taken in Minnesota, both plaintiff's and defendant's attorneys will have to travel there, whereas if the deposition is held in Arkansas, only one person, the deponent, will need to travel. It appears to be an economy to hold the deposition here. The Court thus finds that the deposition should be scheduled in Arkansas, and that the parties should share the expenses of bringing the deponent here for that purpose, thus sharing in both the cost and the savings of doing so.

9. Finally, the Court notes that plaintiff has asked that the discovery deadline in this matter be "relaxed" to allow it to take the deposition of defendant's 30(b)(6) witness beyond the November 7, 2005, cut-off date. Defendant agrees with this request, and indicates that it wants to take the plaintiff's deposition out of time.

While the Court is not pleased that these matters have come up so close to trial, it finds the requests have merit under the circumstances. It will, however, direct that both depositions be

scheduled and completed as soon as reasonably possible, and cautions the parties that they are to be taken in sufficient time so as not to delay the scheduled trial of this matter.

**IT IS THEREFORE ORDERED** that defendant's **Motion For Protective Order** (document #8) is **denied.** The parties are, however, directed to share the expense of transporting, feeding and lodging defendant's 30(b)(6) witness for the purpose of taking her deposition in Arkansas.

**IT IS FURTHER ORDERED** that plaintiff's **Motion To Compel** (document #10 and #14) is **granted in part and denied in part**.

The motion is **denied** insofar as it seeks to compel production of information relating to defendant's net worth.

The motion is **granted** in all other respects, and defendant is directed to forthwith furnish plaintiff with the information sought.

**IT IS FURTHER ORDERED** that the depositions of defendant's 30(b)(6) witness, and of plaintiff, be scheduled as soon as reasonably possible, and in any event in time that the trial of this matter will not be delayed. In all other respects, the Court's Scheduling Order remains in full force and effect.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**